UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-363-GWU

ALICE F. COX, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Alice Cox brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

 Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-363  Alice F. Cox

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience."  Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the

contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

4

07-363  Alice F. Cox

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

07-363  Alice F. Cox

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on

strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cox did not suffer from a "severe" mental or physical impairment. (Tr. 20).  Therefore, the plaintiff could not be considered totally disabled.  (Tr. 21).

07-363 Alice F. Cox

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment and deny that of the plaintiff.

Dr. Christopher Walters performed a consultative physical examination of Cox at the request of the administration in December of 2005. The plaintiff complained of suffering from fatigue. (Tr. 90). The claimant also noted a history of colon surgery and bilateral tubal ligation. (Id.). Physical examination revealed Cox to be a mildly obese lady with normal gait. (Tr. 91). Her blood pressure measured 180/105. (Id.). Her extremities were free of clubbing, cyanosis or edema. (Id.). The heart had a regular rate and rhythm with no murmurs, gallops or rubs being detected. (Id.). Examination of the abdomen revealed no masses, hepatosplenomegly, abdominal hernias or bruits. (Id.). Dr. Walters found no focal motor, cerebellar or sensory abnormalities and pathological reflexes were not detected. (Tr. 92). The examination revealed no joint deformities. (Id.). No evidence of nerve root compression or motor deficit was noted. (Id.). The examiner reported an impression of poorly controlled hypertension. (Id.). Although Dr. Walters was concerned that Cox could not function long-term with high blood pressure, he opined that "there is no physical evidence for significant restriction in the patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects, or ability to travel." (Id.).

07-363 Alice F. Cox

Dr. David Swan reviewed the record in March of 2006. Dr. Swan opined that the evidence of record did not reveal the existence of a "severe" physical impairment. (Tr. 111).

Cox submitted no other medical records concerning her physical condition. The plaintiff testified at the hearing about her history of colon surgery which resulted in a malpractice lawsuit due to the physician leaving a sponge inside her which later had to be removed.[1] (Tr. 147-150). When asked if she had experienced any problems since her colon surgery the claimant stated that "no, you know, I try to live a normal life." (Tr. 149). She denied being placed on a special diet. (Tr. 149-150).

The undersigned finds no error with the ALJ's assessment of Cox's physical condition. While Dr. Walters speculated that long-term high blood pressure could create serious difficulties, he specifically found no current physical restrictions. Dr. Swan did not believe her physical complaints constituted a "severe" impairment. These opinions are not contradicted in the record. The plaintiff reported that she had been reluctant to seek medical attention as a result of her experience of being a victim of medical malpractice. (Tr. 150). Nevertheless, the claimant carried the burden of providing sufficient medical evidence to prove her disability and this burden was not met with regard to her physical condition. Therefore, the court finds this portion of the administrative decision supported by substantial evidence.

---

[1] The plaintiff was awarded $260,000.00 as a result of the lawsuit. (Tr. 148).

07-363  Alice F. Cox

With regard to Cox's mental status, Dr. Walters noted an impression of an anxiety disorder. (Tr. 92). However, the doctor noted no mental restrictions. The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Psychologist Jane Brake reviewed the record in February of 2006 and opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 97).

Psychologist Robert Spangler examined Cox in April of 2007. Spangler diagnosed a "mild" generalized anxiety disorder. (Tr. 117). The claimant's Global Assessment of Functioning (GAF) was rated at 65. (Id.). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. Spangler opined that the plaintiff would have a "poor" ability to understand, remember and carry out detailed instructions. (Tr. 120). The examiner also indicated that Cox would have a "fair to poor" ability to deal with the public, deal with work stresses, and demonstrate reliability. (Tr. 119-120).

The court notes that Spangler's mental restrictions arguably suggest the existence of a mental impairment which would have at least some effect on Cox's ability to work and, so, meet the requirements of a "severe" impairment under Farris. However, the plaintiff was properly found to have no "severe" physical impairments. Social Security Ruling 85-15 indicates that when a person's only

07-363  Alice F. Cox

impairment is mental, unless the impairment imposes a <u>substantial</u> loss of ability to understand, remember and carry out simple instructions, respond appropriately to supervision, co-workers and usual work situations, or to deal with changes in the routine work setting, a finding of disabled status would not be appropriate.  The mental restrictions indicated by Spangler would not appear to rise to this level of severity.  Therefore, any error would appear harmless.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of July, 2008.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**